IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:11-cv-14295-KMM

MALKA ANDES, an individual, on behalf
of herself and all others similarly situated,

      Plaintiff,

vs.

G. MOSS & ASSOCIATES, LLP., a Colorado
limited liability partnership d/b/a/
MOSS CODILIS, LLP,

      Defendants.
_____/

## ORDER CERTIFYING CLASS AND PRELIMINARILY APPROVING IN PART SETTLEMENT AGREEMENT

THIS CAUSE came before the Court upon the Parties' Joint Motion to Certify Class and Approve Settlement (ECF No. 22). Affidavits (ECF No. 23) and a Memorandum (ECF No. 24) were filed in support of the Parties' Motion. Upon consideration of the Motion, the Parties' affidavits, Memorandum, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

**I. BACKGROUND**

This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff Malka Andes is a resident of St. Lucie, Florida. Defendant is engaged in the business of collecting consumer debts by means of mail and telephone. Plaintiff alleges that on August 17, 2010, Defendant sent two letters to Plaintiff in an attempt to collect a debt purportedly owed by Plaintiff to a third-party mortgage servicer. According to Plaintiff, these

1

letters violated the FDCPA by "failing to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer" in violation of 15 U.S.C. § 1692g. Compl., ¶ 35 (ECF No. 1). Plaintiff alleges that Defendant sent similar letters to thousands of Florida residents.

The Parties negotiated the claims and eventually finalized a Class Action Settlement Agreement ("Proposed Settlement Agreement"). On May 10, 2012 the Parties filed the instant Joint Motion to Certify Class and Approve Settlement. Despite the Parties' agreement, however, this Court has an independent obligation to "conduct a rigorous analysis of the [Federal Rule of Civil Procedure] 23 prerequisites before certifying a class." Vega v. T-Mobile U.S.A., Inc., 564 F.3d 1256, 1266 (11th Cir. 2009) (citations and quotations omitted). Furthermore, this Court must also decide whether, having met these pre-requisites, the proposed class satisfies the requirements of Rule 23(b)(3).

## II. CLASS CERTIFICATION

### A. Standard of Review

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. See FED. R. CIV. P. 23(a); Vega, 564 F.3d at 1265. Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires two additional findings, specifically: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance');

and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." Vega, 564 F.3d at 1265.  While a district court must not decide the merits of the case at the class certification stage, it "can and should consider the merits . . . to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega, 564 F.3d at 1266 (citations omitted).  Additionally, courts should take into account a proposed settlement when deciding a motion to certify a class.  See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 619–20 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions-demand undiluted, even heightened, attention in the settlement context.").

### B. Class Definition and Standing

"Before analyzing the Rule 23(a) requirements . . . a court must determine whether the class definition is adequate." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 477 (S.D. Fla. 2006).  A class should be accurately defined; certification should be denied where the class definition is "overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 269 (S.D. Fla. 2003).  Here, the requirement of an accurate class definition is satisfied:  Plaintiff's class definition is concise, specific, and readily identifies individuals who comprise the putative class.  Specifically, Plaintiff seeks recovery for:

3

> All consumers who, according to the records of Defendant, had addresses in the State of Florida to whom letters in the same or substantially similar form as [the letters Plaintiff received] were sent during the one year period prior to filing the Complaint in this action (to-wit: from August 16, 2010 - August 17, 2011) through Preliminary Approval, in an attempt to collect a debt, which according to the nature of the creditor or the debt, or the records of the creditor or the Defendant, was incurred for personal, family, or household purposes, and which the letters were not returned undelivered by the U.S. Post Office.

Mem. in Supp. of Joint Mot. to Certify Class, at 5. Such a group is readily identifiable.

Further, Plaintiff has adequately demonstrated that she, and each of the other members of the putative class, has standing to seek relief in this case. To have standing, a plaintiff must show (1) an "injury-in-fact," (2) a causal connection between the alleged injury and defendant's challenged action, and (3) that "the injury will be redressed by a favorable decision." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Each member of the putative class meets all three prongs. Class members have allegedly suffered a violation of their statutory rights under the FDCPA, the violations resulted from Defendant's mailings, and class members may receive relief through a judgment in this Court. Accordingly, Plaintiff and the putative class have standing to bring this case.

C. Rule 23(a) Requirements

1. Numerosity

Rule 23 requires a class to be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). As a general rule, a class of less than 21 members is inadequate, and a class of more than 40 members is adequate. See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986); see also NEWBERG & CONTE, NEWBERG ON CLASS ACTIONS § 3.45 (4th ed. 2009) ("[A]s few as 40 class members should raise a presumption that joinder is

impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone.").

In the Parties' Proposed Settlement Agreement, Defendant represents that there are approximately 7,500–10,000 Florida residents who received letters in the same or substantially similar form as the letters Plaintiff received during the one year period prior to the filing of the Complaint. See Proposed Settlement Agreement, at 4 (ECF No. 21-1). This demonstrates an adequate number of plaintiffs in the putative class. "[A] plaintiff need not show a precise number of members in the class." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983). Moreover, joinder of at least 7,500 plaintiffs is impracticable. Accordingly, Plaintiff has demonstrated that the Putative Class is sufficiently numerous.

### 2. Commonality

Commonality demands that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). This is a "relatively light burden" that "'does not require that all the questions of law and fact raised by the dispute be common' . . . or that the common questions of law or fact 'predominate' over individualized issues." Vega, 564 F.3d at 1268 (quoting Cox, 784 F.2d at 1557)). Rather, "at least one issue affecting all or a significant number of proposed class members" is sufficient. Fabricant v. Sears Roebuck, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Allegations of a common course of conduct by a defendant affecting all class members will satisfy the commonality requirement. See In re Terazosin Hydrochloride Antitrust Litig., 220 F.R.D. 672, 685–86 (S.D. Fla. 2004); Fabricant, 202 F.R.D. at 313; see also NEWBERG, § 3.10 at 277–78.

A common issue of law exists here. The crux of this case is whether Defendant's letters—allegedly mailed pursuant to a "mechanized, computer-driven process"—violated § 1692g of the FDCPA. Compl., ¶ 22. The class is limited to those Florida residents who received "the same or substantially similar" letter as Plaintiff. Whether Plaintiff or other class members were actually misled by Defendant's letters has no influence on Defendant's potential liability under the FDCPA.[1] Therefore, it is likely that these issues can be resolved without individualized factual or legal inquiries and this Court finds that Plaintiff satisfies the commonality requirement.

### 3. Typicality

Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical . . . [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Vega, 564 F.3d at 1275 (citations and quotation marks omitted). Commonality and typicality are related, but "[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." Id. (citations and quotation marks omitted). Like commonality, typicality is not a demanding test. See In re Disposable Contact Lens Antitrust Litig., 170 F.R.D. 524, 532 (M.D. Fla. 1996).

---

[1] Whether Plaintiff or any other class members were misled by Defendant's mailings is not an element of Plaintiff's cause of action. The relevant inquiry concerns whether the "least sophisticated consumer" would be misled by Defendant's mailings. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174–75 (11th Cir. 1985).

6

The named Plaintiff's claim is typical of those of the rest of the putative class. Plaintiff received the same letter as other members of the putative class, and Plaintiff seeks relief based upon the same legal theory as the rest of the putative class. See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) (holding that typicality is established where "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based upon the same legal theory"). Accordingly, Plaintiff has demonstrated that the typicality requirement is met.

### 4. Adequacy

Rule 23(a)(4) requires that "representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1323 (11th Cir. 2008) (citation omitted).

Here, the alleged conduct toward the named Plaintiff is identical to other putative class members. Thus, no inherent conflict of interest exists. Additionally, counsel for Plaintiff has also litigated similar collective actions involving consumer rights. See Whitaker v. Navy Fed. Credit Union, No. RDB 09-cv-2288, 2010 WL 3928616, at *6 (D. Md. 2010) ("Murphy . . . fall[s] in the category of attorneys admitted to the bar for fifteen years or more . . . . Though Murphy's hourly wage is above the applicable range, his wealth of experience in litigating class actions under federal consumer protection statutes justifies his high rate."). Accordingly, Plaintiff and Plaintiff's counsel have demonstrated that they can adequately represent the Putative Class.

D. Rule 23(b)(3) Requirements

1. Predominance

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004). Issues requiring generalized proof should predominate over the issues requiring individualized proof. Kerr v. City of W. Palm Beach, 875 F.2d 1546, 1558 (11th Cir. 1989). In essence, the Court must determine "whether there are common liability issues which may be resolved efficiently on a class-wide basis." Drossin v. Nat. Action Fin. Servs., Inc., 255 F.R.D. 608, 616 (S.D. Fla. 2009) (quoting Brown v. SCI Funeral Servs. of Fla., 212 F.R.D. 602, 606 (S.D. Fla. 2003)).

Here, predominance is shown by the alleged fact that Defendant engaged in a course of conduct that violates the FDCPA and the putative class members' statutory rights. Given that the putative class members received similar letters from Defendant, a general determination can be made regarding whether the FDCPA was violated. Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions.

2. Superiority

Rule 23(b)(3) sets out four specific considerations pertinent to determining whether a class action is superior to other forms of action:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

In this matter, this Court finds that a class action is superior to other forms of action given the large number of potential claims, the comparatively small statutory damages to which each individual putative class member would be entitled, the need for consistent litigation, and the doubtful benefit to the unnamed class members of controlling the litigation themselves. Additionally, the potential difficulties in managing the class are likely to be limited. Accordingly, Plaintiff has demonstrated that a class action is superior to other forms of action.

E. Conclusion

Because Plaintiff has shown that the putative class meets all of the requirements of Rule 23(a) and Rule 23(b)(3), this Court certifies the putative class pursuant to FED. R. CIV. P. 23(b)(3).

**III. SETTLEMENT APPROVAL**

This Court preliminarily approves in part the settlement of the instant action set forth in the Proposed Settlement Agreement as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: (1) based on Defendant's representations of net worth, settlement of this case for a recovery to the Settlement Class of $30,000.00 constitutes an amount in excess of maximum available statutory damages recoverable by a class under the FDCPA, and is therefore fair and reasonable; (2) payment to the Class Representative, Malka Andes, of $1,000 for damages and for her role in this litigation, is fair and reasonable; and (3) a separate payment to Settlement Class Counsel of reasonable fees and costs to be determined at the time of the Final Approval, which is not taken from any recovery to the Settlement Class, is fair and reasonable for the services provided by Settlement Class Counsel. This Court does not approve,

however, the settlement agreement to the extent it requires Class Members to timely submit claim forms to receive their share of the Settlement Funds. A pro-rata share of the Settlement Fund shall be distributed to each Class Member who does not timely opt-out of the Class.

## IV. CONCLUSION

For the foregoing reasons, it is

> ORDERED AND ADJUDGED that
>
> 1. The Parties' Joint Motion to Certify Class and Approve Settlement (ECF No. 22) is GRANTED IN PART. This Court GRANTS Class Certification and APPROVES IN PART the Parties' Proposed Settlement Agreement.
>
> 2. <u>Settlement Class Members:</u> The Court hereby certifies a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) consisting of: All consumers who, according to the records of Defendant, had addresses in the State of Florida to whom letters in the same or substantially similar form as Composite Exhibit A (attached to Plaintiff's Complaint) were sent during the one year period prior to filing the Complaint in this action (between approximately August 16, 2010 and August 17, 2011) through Preliminary Approval, in an attempt to collect a debt, which according to the nature of the creditor or the debt, or the records of the creditor or the Defendant, was incurred for personal, family, or household purposes, and which the letters were not returned undelivered by the U.S. Post Office.
>
> 3. <u>Class Representative:</u> Malka Andes is hereby certified as class representative.
>
> 4. <u>Class Counsel:</u> Robert William Murphy, Esq., is hereby certified as class counsel pursuant to FED. R. CIV. P. 23(g).

5. <u>Preliminary Approval:</u>  This Court preliminarily approves in part the Settlement of the Action set forth in the Proposed Settlement Agreement as being fair, reasonable, and adequate to the Parties.

   a. Affidavits in support of these fees and costs based upon the Settlement Class Counsel's current hourly rates should be submitted to the Court for approval approximately thirty (30) days prior to the Settlement Hearing scheduled herein.

   b. To the extent that there are any funds from uncashed, expired settlement checks, an amount equal to the amount of such uncashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed to Legal Aid Service of Broward County, Inc.

   c. If the Settlement is not given final approval for any reason, the Effective Date (as defined within the Parties' Proposed Settlement Agreement) does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the instant action as of the approximate date prior to which the agreement-in-principle to settle the instant action was reached.  In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the instant action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

6. <u>Settlement Hearing:</u>  A Settlement Hearing will be held on November 5, 2012, at 2 p.m., in Courtroom 1, 300 South Sixth Street, Ft. Pierce, Florida, at which time this Court will determine whether final approval of the Settlement Agreement should be granted.  This Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

7. <u>Form and Content of Notice:</u>  This Court approves, as to form and content, for distribution to potential members of the Settlement Class, the Notice in the form attached as Exhibit C to the Parties' Proposed Settlement Agreement (ECF No. 21-1) with the exception of (1) the Notice's description of the location of the Settlement Hearing, and (2) the portions of the Notice that state that Class Members must timely submit claim forms to receive their share of the Settlement Funds.

8. <u>Mailed Notice:</u>  No later than fourteen (14) days after the date upon which this Court enters this Order, Defendant must provide Class Counsel and the Settlement Administrator (as defined within the Parties' Proposed Settlement Agreement) with the class list in computerized form usable without manual reentry.  Upon making the Notice compliant with this Order and no later than thirty (30) days after the date upon which this Court enters this Order, the Settlement Administrator shall mail the Notice (Exhibit C to the Parties' Proposed Settlement) by first class mail to Settlement Class Members with Accessible Contact Information (as defined within the Parties' Proposed Settlement Agreement).  The Settlement Administrator shall file with the Court and serve upon Settlement Class Counsel no later than five (5) business days before the Settlement Hearing an affidavit or declaration stating that the mailings

have been completed in accordance with the terms of this Preliminary Approval Order.

9. <u>Best Practicable Notice:</u>  The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with FED. R. CIV. P. 23 and any substantive and procedural due process rights guaranteed by the United States Constitution.  No further notices to the class members are required.

10. <u>Requests for Exclusion:</u>  Any Person may seek to be excluded from the Settlement.  Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date.  To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter effectuating a clear intent to be excluded from the Settlement Class in the instant action.  The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person.  The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendant's Counsel and to Class Counsel no later than five (5) business days before the Settlement Hearing.  Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

11. <u>Objections:</u>  Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than thirty (30) days before the Settlement Hearing.  Any Person who objects to the Settlement must file a written statement of reasons of no more than ten (10) pages with the Clerk of the Court and deliver the same to Class Counsel and Defendant's Counsel with the written notice of request for exclusion. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than ten (10) pages filed no later than five (5) days prior to the Settlement Hearing.  The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice.  Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless this Court orders otherwise.  Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by this Court.

12. <u>Defendant's Denial of Liability:</u>  This Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the instant action be dismissed and that the

claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the instant action.

13. <u>Stay of Discovery and Litigation:</u> All discovery and other proceedings in the instant action are stayed until further order of this Court, except as may be necessary to implement the Proposed Settlement Agreement or comply with the terms of this Order or the Proposed Settlement Agreement.

14. <u>Injunction:</u> The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion pursuant to the manner set forth herein, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims (as defined in the Parties' Proposed Settlement Agreement), unless and until the Settlement Agreement is terminated.

15. <u>Deadlines:</u>

    a. To be legally effective, all requests for exclusion described in paragraph 10, above, must be received by the Clerk and Counsel on or before the Opt-Out Date, which is October 5, 2012. All Change of Address forms must be received by the same date.

    b. Class Member Objections, as described in paragraph 11 above, must be delivered to Class Counsel and Defendant's Counsel and filed with the Court,

as directed in the Notice, on or before October 5, 2012. Objections not filed and served in a timely manner shall be deemed waived.

The Clerk of the Court is instructed to REOPEN this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of May, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record