IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:2:11-cv-14295-KMM

MALKA ANDES, an individual, on behalf
of herself and all others similarly situated,

    Plaintiff,

vs.

**CLASS ACTION**

G. MOSS & ASSOCIATES, L.L.P., a Colorado
limited liability partnership, doing business as
"Moss Codilis, L.L.P.,"

    Defendant.
_____/

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AGREEMENT

THIS CAUSE is before the Court upon the Parties' Motion for Award of Attorney's Fees and Costs (ECF No. 37) and the Motion for Final Approval of Class Action Settlement Agreement (ECF No. 36) between Plaintiff, Malka Andes, and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated May 10, 2012. UPON CONSIDERATION of the Motion for Award of Attorney's Fees, Motion for Final Approval of Class Action Settlement Agreement, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

    A.    The total number of Class Members is approximately 10,670.

    B.    Notice was sent by first class mail to 10,670 persons at their last known mailing address using Accessible Contact Information.

C. The United States Postal Service returned 197 Notices to the Settlement Administrator, First Class, Inc., as undeliverable. First Class, Inc. forwarded 134 returned Notices to forwarding addresses provided by the United States Postal Service and a skip-trace was performed to locate Class Members.

D. No Class Members have made objections to the Settlement.

E. From a total of approximately 10,670 Class members, 41 members properly opted out of the Settlement. The identity of such Class Members is set forth in the Supplemental Report of Michael Sutherland (ECF No. 40).

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that the Parties' Motion for Award of Attorney's Fees and Costs (ECF No. 37) and Motion for Final Approval of Class Action Settlement Agreement (ECF No. 36) are GRANTED. It is further

ORDERED AND ADJUDGED that:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement dated as of May 10, 2012.

2. <u>Notice</u>. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and

approves the Settlement, directing that the Parties implement it, as follows:

A.  The Parties are directed to implement the settlement in accordance with its terms. Payment of $1,000.00 shall be made to Malka Andes, the Class Representative. Payment of the $30,000.00 settlement fund is to be made on a *pro rata* basis to all Class Members who did not opt-out of the settlement. Any funds unclaimed 90 days after funds have been sent must be paid over as a *cy pres* award to be distributed to Legal Aid Services of Broward County, Inc.

B.  Except as to any individual claim of those Persons who have timely and effectively requested exclusion from the Settlement Class under the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D.  Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, as defined in Paragraph 35.

Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against the Defendant, the Defendant's Related Parties or Defendant's Counsel (HINSHAW & CULBERSTON, LLP, and its employees, partners and associates), either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendant's attempts to collect debts from the Class Representative or

Class Members during the one year period prior to filing the Complaint in this action (to-wit: from August 16, 2010 - August 17, 2011) through Preliminary Approval.

E.  Nothing herein shall alter, amend, or terminate the right of Defendant and its clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant and its clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant and its clients.

4.  Injunction. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5.  Defendant's Denial of Liability. The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. <u>Attorney's Fees</u>. After reviewing Class Counsel's motion for attorney's fees in support of final approval, the Court awards to Class Counsel Attorney's Fees and costs in the total amount of $23,000.00.

8. <u>Timing of Payments or Consideration</u>. No later than 14 days after the Entry of Judgment becomes final as defined by paragraph 13 of the Class Action Settlement Agreement and Release, settlement checks shall be distributed to all class members who have not properly opted out of the settlement and Defendant shall pay $1,000.00 to Malka Andes and $23,000.00 to Class Counsel for Attorney's Fees.

9. <u>Entry of Judgment</u>. The Clerk of the Court is instructed to enter this Judgment and CLOSE this matter. All Pending Motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Fort Pierce, Florida this 6th day of November, 2012.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record